## BUTLER v. COOK.

1. One who receives an estray from another person who had taken it up, but who had not complied with the law in regard to estrays, by giving bond, &c., and works the animal, though a trespasser, is not liable to the statute penalty of $100.

Writ of Error to the Circuit Court of Montgomery. Before the Hon. Geo. Goldthwaite.

THIS was a *qui tam* action, brought by the defendant in error against the plaintiff, to recover two penalties of a hundred dollars each, for taking up and using two stray oxen, without complying with the statute in regard to estrays. In the progress of the trial, a bill of exceptions was taken, which shows, that on the 19th of August, 1846, H. C. Howard took up the oxen, and put them in his stable; that the oxen had repeatedly broken into his field, and he did not know to' whom they belonged. It was also shown, that on the day they were taken up by Howard, it was agreed between Howard and Butler, that Butler should take the steers and work them, and Howard should post them, and it was known to Butler, that the oxen had been taken up by Howard, as strays.

The testimony also showed, that on the same day, Howard applied to a justice of the peace to give information according to the act, but the justice refused to hear the application at that time, and appointed the first of November thereafter; to hear and determine the application; and on the first of November, Howard appeared before the justice of the peace; and strayed said oxen according to law. The proof also showed, that the oxen belonged to the defendant in error, and in March, 1847, he claimed them, and they were delivered up to him by the plaintiff in error.

On this evidence, the defendant requested the court to charge the jury, that if Howard took up said oxen because they were mischievous, and afterwards agreed to let Butler take and work them, that Butler was not liable in this form of action, although he knew that Howard had taken them up as strays, which the court refused to give, and the plaintiff excepted.

The defendant then requested the court to charge the jury, that if Howard took up said oxen contrary to law, then Howard is liable to the plaintiff, but that he acquired a qualified property in the steers, and if Butler took the oxen by the authority of Howard, and from his possession, then Butler is not liable in this action, which the court also refused.

The plaintiff also requested the court to charge the jury; that if there was no agreement between Howard and him, nor understanding, except that entered into after the oxen were taken up, then Butler was not liable in this action; which the court refused.

The plaintiff in error also requested the court to charge, that if the steers were taken up by Howard, and delivered to Butler, before they were strayed, with the understanding that Butler should work them, and he did work them, before and after the 1st November, 1846, when they were strayed by Howard, then Butler is liable to only one penalty of a hundred dollars; which the court refused.

ELMORE and YANCEY, for the plaintiff in error.

The intendments of all forfeitures are strictly against the State, and in favor of the party charged. Under the stray

Butler v. Cook.

law, no one is liable to its penalties, for taking up "cattle or sheep, in the months of April, May, June, July, August, September, and October." Clay's Dig. 550, § 10. By that law no "sheep or cattle," in those months can be strayed. See Ib.

The statute law relative to strays, not applying to cattle taken up from April to November, the remedy is a common law one. Butler is not liable to the penalty of the statute relative to strays, because he received the oxen which were taken up, on 15th August, by Howard, of said Howard. Howard had a qualified title in the oxen. See Dig. 550, § 6. The oxen were not "strays" in the hands of Butler. Under the statute, the owner could not have recovered the oxen of Butler, nor their value. Butler had not given, and could not have given a bond. See Dig. 551, § 11, 13. Either Butler or Howard could have maintained an action against all but the true owner. Butler is not liable as the "taker up" of the oxen. Butler is not liable as a "worker" of the oxen, after they were strayed by Howard on 1st November. Nor before, as the record shows he did not work them before they were strayed in November. See Dig. 551, § 14.

If Butler is liable, he is only liable to a single penalty of $100. It is but one offence, one taking up, and one working. See Dig. 549, § 1, 5, 16, 18.

HARRIS and WATTS, contra.

1. As to the first two charges, it is clear that the court did not err in refusing them.

2. As to the third charge, we must presume that there was proof, showing that Butler used the oxen before the first November. At any rate, it is not shown in the bill of exceptions that there was no such proof, and this court will not reverse until affirmative error is clearly shewn in the bill of exceptions.

3. Howard, it is clear, committed an unlawful act in taking up the oxen, although they were mischievous, and had been breaking into his fields. If he had a lawful fence, then he had a right against the owners of the cattle, given by statute, if the owner did not keep his cattle up. See Clay's

Dig. 241, § 1, 2. Having committed an unlawful act in taking up the oxen, he acquired no property by his trespass, and of course could convey no right to Butler; he could convey to Butler only such right as he had, and having none himself, none was conveyed to Butler. 10 John. 102, 106. One cannot authorize another to commit a trespass, or to do any other unlawful act, so as to protect the latter against an action for the wrong.

4. The form of action is such as is authorized by statute.

5. A party who takes property as an estray, must show an exact compliance with the statute. See Hanyman v. Titus, 3 Miss. 302; 12 Johnson, 186; Crook v. Peebly, 8 Miss. 344. And he cannot use the property before complying with the statute, without committing a trespass. See Barrett v. Lightfoot, 1 Monr. 241.

6. The last charge was properly refused. The State affixes the penalty of $100 for the taking up or using each stray contrary to the provisions of the act. See Clay's Dig. 550, § 5; 551, § 14.

DARGAN, J.—The question is, did Butler, by using the oxen, incur the penalty imposed by the second section of the act of 1823, Clay's Dig. 551. The testimony shows, that the oxen were taken up as strays by Howard, in August, 1846, and having taken them up, he agreed to let Butler use them under this agreement. Butler received them from Howard, and worked them. But as the law did not authorize Howard to take up the oxen as strays, in the month of August, they were not strayed until November, and were then strayed by Howard; Butler retaining the possession, and using the oxen.

By the first section of the act of 1823, it is enacted, that if any person shall be desirous of posting any stray that may be found on his premises, he shall apply to a justice of the peace for the purpose of having it appraised, and the justice shall require of the person taking up the stray, bond and security, &c. By the 2d section of the same act, it is provided, that if any person shall presume to use any stray, or strays, without first having given bond as aforesaid, he, she, or they,

shall be liable to the penalties prescribed by the 5th section of the act of 1820.

The 5th section of the act of 1820 provides, that if any person shall take up, or use an estray, contrary to the provision of this act, such person shall forfeit and pay for any such offence, the sum of one hundred dollars, to be recovered in any court of this State, having jurisdiction thereof, with cost. It is evident, that Butler did not take up the oxen, but only used them after they were taken up by Howard. Therefore, if Butler has incurred the penalty, it is for using them without giving the bond required by the 2d section of the act of 1823. But the statute contemplates, that the person taking up the strays, shall give the bond required, and no other person can do it, and the penalty for using the stray without giving the bond, can only be incurred by him who is required to give the bond. As Butler is neither required by that act, nor authorized to give the bond, as the oxen were not taken up as strays by him, he did not incur the penalty. But it has been argued, that as Butler knew that Howard had taken up the oxen as strays, and with this knowledge received them from him, under an agreement to use them, he became thereby a trespasser *ab initio*, by assenting to what Howard had done, and taking the benefit resulting from Howard's act. This may be, and Butler by receiving the oxen and using them, with a knowledge that Howard committed a trespass in taking them up, may have subjected himself to an action of trespass. But because he may be a trespasser, it does not follow that he is liable to the statute penalty ; for all penal statutes are to be strictly construed, and none can be charged with the penalty, except those made liable to it by the statute; and as no one incurs the penalty for using a stray without giving bond, but he who has the authority, and is required by the act to give the bond, and the ruling of the court being contrary to the view here taken, the judgment must be reversed, and the cause remanded.